THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA GEHL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FINANCIAL ASSISTANCE INC. and JOHN DOES 1–25,<br><br>　　　　　　　　Defendants. | CASE NO. C20-1057-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Financial Assistance Inc.'s motion to dismiss (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion for the reasons explained herein.

I.　　BACKGROUND

Plaintiff Victoria Gehl alleges Defendant, a debt collector, violated the Fair Debt Collections Practices Act with its October 25, 2019 collection notification letter. (*See generally* Dkt. No. 1.) The letter contained the required 15 U.S.C. § 1692g(a) notice regarding her right to contest the validity of the debt within 30 days, but the notice was located at the bottom of the

letter, after the signature block. (*See* Dkt. No. 1-1 at 2.)[1] Above the signature block, the letter indicated that the Salal Credit Union had "certified" the balance owing and "authorized [Defendant] to take whatever remedies necessary to collect." (*Id.*) This included "report[ing] to credit bureaus." (*Id.*) The letter also indicated that "[l]ate payments, missed payments, or other defaults on your account may be reflected in your credit report." (*Id.*) Plaintiff asserts that these statements (1) impermissibly overshadowed the § 1692g(a) notice and (2) amounted to false and/or misleading representations. (*See generally* Dkt. No. 1.) She brought suit pursuant to 15 U.S.C. § 1692k, alleging violations of §§ 1692e and 1692g. (Dkt. No. 1 at 12–14.). She seeks statutory and actual damages, amongst other relief, on behalf of herself and similarly situated individuals. (*Id.*) Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.)

## II. DISCUSSION

In addition to arguing that Plaintiff fails to state a claim for which relief can be granted, Defendant also suggests Plaintiff lacks Article III standing, at least for the claim brought pursuant to 15 U.S.C. § 1692g. (*See id.* at 7–8.) Because a suit brought by a plaintiff without Article III standing is not a "case or controversy," the Court would lack subject-matter jurisdiction over such a claim. *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015). Since the Court must dismiss a claim if it "determines at any time that it lacks subject-matter jurisdiction" over that claim, the Court will first address whether Plaintiff's complaint contains sufficient allegations to demonstrate standing for her § 1692g claim before turning to Defendant's arguments supporting its motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(h)(3).

---

[1] The letter was referenced in, and attached to, the complaint. (*See* Dkt. Nos. 1 at 8–9, 1-1 at 2.) Because it was incorporated by reference, the Court may take judicial notice of the document without converting Defendant's motion to one seeking summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

ORDER
C20-1057-JCC
PAGE - 2

### A. Article III Standing for § 1692g Claim

To demonstrate Article III standing, a plaintiff must show that he or she "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000) (citation omitted). Concreteness and particularization are two separate requirements. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "A concrete injury must be de facto; that is, it must actually exist." *Id.* at 1548 (internal quotations omitted).

While perhaps unclear in the past, it is now well settled that a procedural injury based on a § 1692g violation is not a concrete injury. *See Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 546 (9th Cir. 2020); *Beane v. RPW Legal Servs.*, 378 F. Supp. 3d 948, 957 (W.D. Wash. 2019). Therefore, allegations of "[a]ttendant harm" are required. *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1201 (M.D. Fla. 2019). This might include facts supporting an allegation that Plaintiff would have attempted to dispute the validity of the debt if not for confusion generated by the allegedly overshadowing language contained within the letter. *Id.* But the complaint lacks such facts. (*See generally* Dkt. No. 1.) Instead, it includes generic and legally conclusory allegations regarding "overshadow[ing]" and an assertion that Plaintiff is entitled to "actual damages," without facts supporting such legal conclusions (*Id.* at 14.) This is insufficient to establish Article III standing based on a § 1692g violation. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (a facial challenge to jurisdiction is resolved by determining whether allegations contained in the complaint are legally sufficient to invoke jurisdiction); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Accordingly, the Court FINDS that Plaintiff's complaint fails to demonstrate Article III standing for her § 1692g claim.

**B.      Motion to Dismiss**

Assuming, *arguendo*, that Plaintiff's complaint did demonstrate Article III standing for a § 1692g claim, dismissal would still be warranted because the complaint fails to state a claim for which relief can be granted. The language in the collection notice complies with the requirements articulated in § 1692e and § 1692g(b).

1.      Legal Standard

A defendant may move to dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under that Rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2.      Plaintiff's Complaint

Plaintiff takes issue with the references to Plaintiff's balance being "certified" by the creditor and a discussion of the credit reporting implications of "[l]ate payments, missed payments, or other defaults." (Dkt. No. 1 at 8, 10–12.) She alleges that, under the Ninth Circuit's "least sophisticated consumer" standard, the language amounts to unlawful overshadowing or false and/or misleading representations. (*See* Dkt. No. 13 at 4–12.) The Court disagrees.

Unlawful overshadowing occurs when a communication contradicts or, at a minimum, causes sufficient confusion as to overshadow the required § 1692g(a) notice. *Terran v. Kaplan*, 109 F.3d 1428, 1433 (9th Cir. 1997). This is a question of law. *Id.* The language at issue here represents neither an explicit nor an implicit demand for payment *within* the thirty-day period and, absent such a demand, courts rarely, if ever, find overshadowing. *See, e.g.*, *Renick v. Dun & Bradstreet Receivable Mgt. Services*, 290 F.3d 1055, 1057 (9th Cir. 2002). Nor is a notice that simply describes possible outcomes from failing to address the debt unlawful. *See, e.g.*, *Wright v.*

*AR Resources, Inc.*, 2020 WL 4428477, slip op. at 6 (M.D. Fla. 2020); *Huyghue v. Shafritz and Associates, P.A.*, 2018 WL 7457827, slip op. at 5 (M.D. Fla. 2018); *Belichenko v. Gem Recovery Sys.*, 2017 WL 6558499, slip op. at 4 (E.D.N.Y. 2017). "This is because 'one way to encourage someone with a true dispute to come forward and resolve that dispute is to inform him of the possible negative consequences of his continued inaction.'" *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 671 (5th Cir. 2012) (quoting *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 418 n.7 (7th Cir.2005)). Interestingly, the cases cited by Plaintiff only *emphasize* this point. In each instance where a court found unlawful overshadowing, there was either a demand for immediate payment or a threat that if the matter is not immediately resolved, negative consequences would follow. *See* Dkt. No. 13 at 7–9 (citing *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 417 (E.D. Va. 1997); *Adams v. L. Offices of Stuckert & Yates*, 926 F. Supp. 521, 530 (E.D. Pa. 1996); *McCray v. Deitsch and Wright, P.A.*, 343 F. Supp. 3d 1209, 1212 (M.D. Fla. 2018); *Yunker v. AllianceOne Receivables Mgt., Inc.*, 2011 WL 13239460, slip op. at 6 (S.D. Fla. 2011); *Vaughn v. CSC Credit Services, Inc.*, 1995 WL 51402, slip op. at 6 (N.D. Ill. 1995)). Further, Plaintiff's reliance on *Schwebel v. Resurgent Capital Services*, L.P., 2020 WL 5663382, slip op. at 6 (S.D.N.Y. 2020), is misplaced. (*See* Dkt. No. 13 at 6.) In *Schwebel*, the letter referenced an investigation regarding the debt, suggesting there was no need to dispute its validity within the notice period. 2020 WL 5663382, slip op. at 7. The letter here contains no such reference, or any other opaque reference to proceedings that would minimize Plaintiff's 30-day verification rights.

Plaintiff's reliance on alleged § 1692e violations fares no better. (*See* Dkt. No. 13 at 16–18.) The Court fails to grasp how an indication that a debt was "certified," or that adverse consequences may result from a lack of payment, represents false or misleading statements, as both are, in fact, indisputably true. *See Wade v. Regl. Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (informing a debtor that a failure to pay may adversely affect debtor's credit neither false nor misleading).

Accordingly, the Court FINDS that Plaintiff's complaint fails to state a claim for which

relief can be granted based on alleged violations of § 1692e or § 1692g.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 7) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice and without leave to amend, as such amendment would be futile. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The Clerk is DIRECTED to close this case and terminate Docket Number 16.

DATED this 5th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE